**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KRAFT FOODS GROUP | ) | |
| BRANDS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-028 (LPS) |
| | ) | |
| v. | ) | |
| | ) | |
| TC HEARTLAND, LLC d/b/a | ) | |
| HEARTLAND FOOD | ) | |
| PRODUCTS GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Kraft Foods Group Brands, LLC ("Kraft") and Defendants TC Heartland, LLC and Heartland Packaging Corporation (together "Heartland"), hereby stipulate to the following Protective Order for the captioned litigation (the "Lawsuit"):

## I.    PURPOSE

The purpose of this Protective Order is to preserve the confidentiality of, and to prevent competitive or commercial misuse of, information and documents that may be produced in discovery in this action by the parties identified above (collectively, the "Parties") or third parties.

## II.    DEFINITIONS

### A.    Designated Material

The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" in accordance with Paragraphs IV.A to IV.D below. All Designated Material and any information or material copied or derived therefrom, and

all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as, and hereinafter referred to as, Designated Material.

**B.     Confidential Information and Highly Confidential Information -Attorneys' Eyes Only**

"CONFIDENTIAL INFORMATION' comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section VI.A below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

"HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" comprises or contains information that the Producing Party claims in good faith is highly confidential or sensitive, including, but not limited to, technical information, pricing and revenue information and other sensitive financial data.

**C.     Discovery Material**

The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; letters; emails; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof. All Discovery Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as, and hereinafter referred to as, Discovery Material.

2

### D. Documents

The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "documents" or "tangible things" contained in Rule 34 of the Federal Rules of Civil Procedure.

### E. Producing Party

The term "Producing Party" shall mean any Party to this Lawsuit or any third-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this Lawsuit.

### F. Receiving Party

The term "Receiving Party" shall mean any Party to this Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

## III. RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A. Scope

This Order shall encompass all Discovery Material produced in this Lawsuit except that this Order shall not encompass information that (a) is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the

public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B. Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit, and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C. Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D. Maintenance of Designated Material

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

### E. Restrictions on Designated Materials

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

RLF1 11655519v.1

### F. Discovery from Third-Parties

Information sought or obtained from a person not a Party to this Lawsuit ("third-party") shall be treated as Designated Material if requested by the third-party. Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" pursuant to Paragraphs IV.A to IV.D by a third-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Either Party may seek to challenge designations by a third-party under the provisions of Paragraph V.B after providing at least ten (10) business days' written notice to the third-party and agreeing that it will not object to the third-party appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

### G. Unintentional Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or Party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

## IV. PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" in accordance with this Order. The burden of establishing that Designated Material is either

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - AT-TORNEYS' EYES ONLY" as defined herein shall be on the Producing Party. The designation of Designated Material as either "CONFIDENTIAL INFORMATION' or "HIGHLY CONFI-DENTIAL INFORMATION - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated material must be marked in the following manner:

A.      In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFI-DENTIAL INFORMATION - ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation, *e.g.,* Bates-number prefix of the identity of the Producing Party.

B.      In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL INFOR-MATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL INFOR-MATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, as defined in Paragraphs II.B.1 and II.B.2 at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL INFOR-

MATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order.

C.     In the case of testimony provided during a deposition, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL INFORMATION' or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, by the reporter, as the Producing Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within five (5) business days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or witness. Pending expiration of the five (5) business day period or the receipt of such written notice from the Producing Party (whichever comes first), all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. If no such written notice is provided within the five (5) business day period, the designation(s) made during the deposition shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

D.     In the event that a deposition is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire

transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are CONFIDENTIAL INFOR-MATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. In the event of such request, the Party desiring to maintain the treatment of any portion of the transcript as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall specify, by page and line numbers, the designated portions within ten (10) business days of the written request.

## V.  CONTESTING THE DESIGNATION

A.  No Party to this Lawsuit shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

B.  Any Party may contest a claim of confidentiality. Any Party objecting to the designation of any Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY must give outside counsel of record for the Producing Party written notice of its reasons for the objection. The Producing Party will then have ten (10) business days after receipt of this notice to change the designation or respond in writing why the designation is appropriate. Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may seek an Order changing or removing the designation. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall remain as such (i) unless the Producing Party does not respond in writing why the

designation is appropriate within ten (10) business days after receipt of the written notice of the objecting Party's reasons for the objection; (ii) until the matter is resolved by Court order; or (iii) until agreement of the Producing Party.

## VI.  DISCLOSURE OF DESIGNATED MATERIALS

A.      Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL INFORMATION under this Order may be disclosed by the Receiving Party only to the following persons:

1. outside counsel of record for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit;

2. in-house attorneys of the Receiving Party, and their support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit;

3. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Lawsuit is pending, including any appellate Court, and the jury, if any;

4. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Lawsuit;

5. consultants, with the exception of trial and jury consultants, or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph 1 to provide assistance in this Lawsuit, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

6. any person who authored and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any witness testifying

in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown CONFIDENTIAL INFORMATION of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the CONFIDENTIAL INFORMATION was in existence and the witness had access to such CONFIDENTIAL INFORMATION;

7. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Lawsuit , but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

8. mock jurors and/or trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed by or affiliated with or who knows any person employed by or affiliated with either Party to this Lawsuit; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any

materials and information provided to them in connection with being a mock juror;

9. persons who have been retained by a Party to provide translation or interpretation from one language to another; and

10. persons agreed to by the parties or permitted by the Court. Nothing in this Order is intended to preclude a Receiving Party from applying to the Court for approval of disclosure of Confidential Information to an employee of the Receiving Party or to preclude the Producing Party from opposing such application.

B.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1. outside counsel of record for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit;

2. one in-house attorney of the Receiving Party, and his or her support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this Lawsuit, but only to the extent such personnel are participating in the representation of the Receiving Party in this lawsuit and only in furtherance of such representation;

3. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Lawsuit is pending , including any appellate Court, and the jury, if any;

4. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Lawsuit;

5. consultants, with the exception of trial and jury consultants, or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 to provide assistance in this Lawsuit , with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

6. any person who authored and/or received the particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received the particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information was in existence and the witness had access to such HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information;

7. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of

graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Lawsuit , but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

8. mock jurors and/or trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed or affiliated with or who knows any person employed by or affiliated with either Party to this Lawsuit; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

9. persons who have been retained by a Party to provide translation or interpretation from one language to another; and

10. persons agreed to by the parties or permitted by the Court. Nothing in this Order is intended to preclude a Receiving Party from applying to the Court for approval of disclosure of Highly Confidential Information to an employee of the Receiving Party or to preclude the Producing Party from opposing such application.

## VII. CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

A consultant or expert, excluding trial or jury consultants, may only be shown Designated Material pursuant to Paragraphs VI.A.5 or VI.B.4 to the extent necessary to provide assistance in this Lawsuit, provided that:

1. any such consultant or expert, excluding trial or jury consultants, is not an employee, director, officer, agent, attorney, or other representative of a Receiving Party (including

any of its divisions, subsidiaries, or affiliates), is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any Party, and is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this Lawsuit; and

2. prior to the disclosure of any Designated Material to the consultant or expert, the consultant or expert shall execute the Confidentiality Undertaking in Exhibit A.

## VIII. COURT PROCEDURES

### A. Procedures For Filing Papers With Designated Material

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

The Parties shall file any Designated Materials with the Court electronically under seal in accordance with Paragraph (G) of the Revised Administrative Procedures Governing Filing and Service by Electronic Means.

When Designated Material is filed with the Court, by other than electronic means, such filings must be filed under seal in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing Party and the notation "CONFIDENTIAL INFORMATION — SUBJECT TO PROTECTIVE ORDER — NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER — NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES."

RLF1 11655519v.1

All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information identified as Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order. Counsel for the Parties shall be responsible for designating all papers filed with the Court as Designated Material and marked as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, depending on the contents of the papers being filed. Such papers shall be subject to the terms of this Order.

**B.      Redacted Filings Of Papers With Designated Material**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

1.      All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

2.      Redacted versions of the papers are clearly marked "Public Version Confidential Material Redacted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**C.      Use At Trial**

This Order is not intended to govern the use of Designated Material at the trial of this Lawsuit. Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

RLF1 11655519v.1

## IX. PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in writing to allow the Receiving Party to disclose to a specified third party any of the Producing Party's Designated Material identified in the written request.

## X. UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Discovery Material. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.,* by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court.

## XI. DISCLOSURE PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

A. Pursuant to Fed. R. Evid. 502(d), any Party's production of Documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those Documents or the subject matter of those documents in this or any other proceeding. Nothing in this paragraph shall require a Party to produce Documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

## XII.    UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL

If a Producing Party through inadvertence produces or provides discovery that it believes in good faith is subject to a claim of attorney-client privilege or work-product immunity, the Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within ten (10) days of receiving such written notice, the Receiving Party shall (a) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained

in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party ("Notice of Designation"). The receiving party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of seeking a Court ruling on the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. If relief to compel production is not sought within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in Paragraph XI(a) shall be immediately returned to the Producing Party or destroyed. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvert production, the one (1) copy, if any, retained by the

Receiving Party as set forth in Paragraph XI(a) shall be immediately returned to the Producing Party or destroyed.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the receiving party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the receiving party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this Paragraph XI for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

## XIII.  PROSECUTION BAR

A.     Absent written consent from the Producing Party, any individual who on behalf of a Receiving Party accesses a Producing Party's non-financial Discovery Material designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall not participate in any way (including but not limited to participating in a supervisory capacity) in the prosecution or acquisition of patents or patent applications relating to U.S. Patents Nos. 8,293,299, 8,511,472, and 8,603,557 (the "Patents-in-Suit")

and any patent or application claiming priority to or otherwise related to the Patents-in-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this Section, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims by or on behalf of the patent owner or applicant in any proceeding before any foreign or domestic agency.

B.      For avoidance of doubt, the prohibition in this Paragraph XII does not apply to participation in any inter partes review or post-grant review proceeding that may be requested or instituted concerning a patent being asserted in this action.

C.      The prosecution restriction described in this Section is personal to the persons receiving access to the non-financial Discovery Material and shall not be imputed to any other person or entity in which that person holds an employment position or ownership interest.

D.      The prosecution bar set forth in subsections  A- C above shall begin when non-financial Discovery Material is first accessed by the affected individual and shall end on the earlier of: one (1) year after a final judgment is entered in connection with any appealable issue in this litigation, or one (1) year after a Party has provided written confirmation that the affected individual has withdrawn or is no longer involved with the lawsuit or associated with any of the law firms handling this action on behalf of that Party.

## XIV.   RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.      Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court or tribunal from finding that information may be relevant and subject to disclosure in another case  or that information may not be relevant and sub-

ject to disclosure in another case . Any person or party subject to this order who becomes subject to a motion to disclose another party's Designated Material pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### B.      No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### C.      Release From or Modification of This Order

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

### D.      Admissibility

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any proceeding related to this matter.

### E.      Non-Party Request/Subpoena of Designated Material

If a Receiving Party receives a subpoena or other compulsory process from a nonparty to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other

compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

### F.     Counsel's Right to Provide Advice

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this Lawsuit, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### G.     No Contract

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

### H.     Privileged and Irrelevant Materials

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

RLF1 11655519v.1

## I.     Notice

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes.

## XV.     EFFECTIVE DATE

This Order shall be effective as a stipulation on the date of its execution by counsel for the Parties after which the Parties may produce documents and information and designate the material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. Such material shall be treated in accordance with this Order by the Parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the Parties shall comply with the terms of this Order until it is superseded by any Protective Order or ruling by the Court.

## XVI.     FINAL DISPOSITION

Upon termination, settlement or final judgment of this Lawsuit including exhaustion of all appeals, unless otherwise agreed in writing, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel of record may retain pleadings, written discovery and discovery responses, attorney and consultant work product, correspondence, and deposition and trial transcripts and exhibits for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Lawsuit.

RLF1 11655519v.1

## XVII. TERMINATION

The termination of this Lawsuit shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Pursuant to Federal Rule of Civil Procedure 26 and the above stipulation of the Parties, and it appearing that discovery in the above-entitled Lawsuit is likely to involve the disclosure of confidential information, and good cause appearing,

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| */s/ Thomas Curry* | */s/ Frederick L. Cottrell, III* |
| Mary B. Graham (#2256) | Frederick L. Cottrell, III (#2555) |
| Derek J. Fahnestock (#4705) | Anthony G. Flynn Jr. (#5750) |
| Thomas Curry (#5877) | Richards, Layton & Finger, P.A. |
| Morris, Nichols, Arsht & Tunnell LLP | One Rodney Square |
| 1201 N. Market Street | 920 North King Street |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899-1347 | (302) 651-7700 |
| (302) 658-9200 | cottrell@rlf.com |
| mgraham@mnat.com | flynn@rlf.com |
| dfahnestock@mnat.com | |
| | *Attorneys for Plaintiff Kraft Foods Group* |
| *Attorneys for Defendants TC Heartland, LLC* | *Brands LLC* |
| *and Heartland Packaging Corporation* | |
| | OF COUNSEL: |
| OF COUNSEL: | |
| | Patrick D. Lane |
| James W. Dabney | Joshua A. Lorentz |
| Richard M. Koehl | Eric K. Combs |
| Emma L. Baratta | DINSMORE & SHOHL LLP |
| FRIED FRANK HARRIS | 255 E. Fifth Street, Suite 1900 |
| SHRIVER & JACOBSON LLP | Cincinnati, OH 45202 |
| One New York Plaza | (513) 977-8200 |
| New York, NY 10004-1980 | |
| (212) 859-8000 | |

Dated: March 16, 2015

RLF1 11655519v.1

IT IS SO ORDERED this ___ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

RLF1 11655519v.1

# EXHIBIT A

RLF1 11655519v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KRAFT FOODS GROUP | : | |
| BRANDS LLC, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 14-028 (LPS) |
| | : | |
| v. | : | |
| | : | |
| TC HEARTLAND, LLC d/b/a | : | |
| HEARTLAND FOOD | : | |
| PRODUCTS GROUP, et al., | : | |
| | : | |
| Defendants. | : | |

## **CONFIDENTIALITY UNDERTAKING**

I, _____, state that:

My business address is _____.

My present employer is _____.

My relationship to the Parties to this Lawsuit is as follows: _____

_____

_____

_____.

I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.  I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

RLF1 11655519v.1

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____day of _____, 20__.

_____
Signature

RLF1 11655519v.1