IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KRAFT FOODS GROUP BRANDS LLC,

        Plaintiff,

v.

TC HEARTLAND, LLC d/b/a HEARTLAND
FOOD PRODUCTS GROUP, and HEARTLAND
PACKAGING CORPORATION,

        Defendants.

Civil Action No. 14-28-LPS

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 30-page Report and Recommendations ("Report") (D.I. 59), dated August 13, 2015, recommending that Defendants TC Heartland, LLC ("TC Heartland") and Heartland Packaging Corporation's ("HPC") (collectively, "Defendants") Motion to Dismiss Claims for Lack of Personal Jurisdiction and for Transfer of Venue to the Southern District of Indiana ("Motion") (D.I. 7) be denied;

WHEREAS, on August 27, 2015, Defendants objected to the Report ("Objections") (D.I. 70), and specifically objected to (1) the Report's conclusion that this Court has personal jurisdiction with respect to the entirety of this action and, thus, its recommendation that the Motion to Dismiss Claims for Lack of Personal Jurisdiction be denied; and (2) the Report's findings that 28 U.S.C. § 1391(c) permits venue in this district and, thus, its recommendation that the Motion for Transfer of Venue to the Southern District of Indiana be denied;

WHEREAS, on September 14, 2015, Plaintiff Kraft Foods Group Brands LLC ("Kraft" or "Plaintiff") responded to the Objections (D.I. 78), arguing that the Report

> correctly . . . determined that (1) jurisdiction over Heartland is
> appropriate as to all of Kraft's patent infringement claims
> [because] Heartland purposefully placed infringing products into
> the stream of commerce knowing full well that such products
> would be sold in Delaware; and (2) venue in this case is proper in
> the District of Delaware because it is a court in which jurisdiction
> exists as to Heartland with respect to this action.

(*Id.* at 1);

WHEREAS, the Court has considered Defendant's Motion *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections (D.I. 70) are OVERRULED, Judge Burke's Report (D.I. 59) is ADOPTED in all respects, and Defendants' Motion (D.I. 7) is DENIED.

2. The Report correctly concluded that the Court's personal jurisdiction analysis is not governed by *Sears, Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223, 1228 (D. Del. 1990), but rather by *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994). *Sears* was a district court trademark case finding that because "[e]ach of the alleged trade name infringements by PLC's subsidiaries is a separate and unrelated cause of action occurring in a separate forum," personal jurisdiction only existed over the trade name infringements occurring in the forum state. 752 F. Supp. at 1228-30. *Sears* predates the Federal Circuit's holding in *Beverly Hills Fan Co.* that personal jurisdiction exists **in patent cases** where, as here, the "defendants purposefully shipped the accused [product] into [the forum state] through an established distribution channel." 21 F.3d at 1571. The Supreme Court's recent ruling in *Walden v. Fiore*, 134 S. Ct. 1115 (2014), does not change the Court's conclusion that *Beverly*

*Hills Fan Co.* continues to govern the Due Process analysis in a patent case. The quote from *Walden* (which was also not a patent case) relied on by Defendants – that in order for the Court to have specific personal jurisdiction over a claim, the claim must arise from "an 'activity or an occurrence that takes place in the forum state,'" 134 S. Ct. at 1121 n.6 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) – does not overrule *Beverly Hills Fan Co.* and in no way suggests that personal jurisdiction in a patent case, once found to exist, is limited to acts of infringement occurring within the forum state.[1]

3.   The Report also correctly concluded that the 2011 Jurisdiction and Venue Clarification Act's amendment of 28 U.S.C. § 1391 did not undo the Federal Circuit's decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575, 1579-84 (Fed. Cir. 1990), that "Section 1391(c) applies to all of chapter 87 of title 28, and thus to § 1400(b)" and venue is appropriate for a defendant in a patent infringement case where personal jurisdiction exists. Plaintiff cites Federal Circuit and other district court decisions post-dating the 2011 amendment and reaffirming the vitality of the holding of *VE Holding*. (*See, e.g.*, D.I. 78 at 6-10) (citing cases as well as legislative history)

4.   Given the detailed reasoning provided in the Report, and that the parties have not raised any arguments that are not adequately addressed in the Report, the Court finds it

---

[1] Defendants' further contention that "no court has ever held that alleged in-state infringements can be remedied by multiplying the plaintiff's damages caused by such infringements by a factor of ten or twenty or forty in order to account for alleged losses that the patentee might have suffered elsewhere in the country" (D.I. 70 at 4) is unavailing. The appropriateness of whatever damages analysis Plaintiff may ultimately choose to present is not before the Court.

unnecessary to discuss Defendant's Motion (D.I. 7) or Defendants' Objections (D.I. 70) any further.

September 24, 2015
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE