# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Mary B. Graham**
(302) 351-9199
mgraham@mnat.com

August 11, 2016

**BY E-FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

      Re:    *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC, et al.*,
              C.A. No. 14-028 (LPS)(CJB)

Dear Chief Judge Stark:

      This letter responds to Kraft's letter to the Court of August 11 (D.I. 375) complaining about the length of Heartland's reply brief in support of its motion for summary judgment (D.I. 371). According to Kraft, Heartland's brief "is four pages in excess of the 20-page limit set forth in the Scheduling Order." We believe that Heartland's reply brief fully complies with the Court's Scheduling Order and procedures.

      The Court's Patent Procedures provide as follows (p. 9) (italicized emphasis in first paragraph added):

> **Summary Judgement/Daubert (Motions to Preclude/Exclude)**
>
> I will continue to permit parties to file as many summary judgment and Daubert (i.e., motions to exclude or preclude anticipated expert testimony, in whole or in part) motions as they wish, subject to the restriction that *each side is limited to no more than a total of fifty (50) pages of combined opening briefs in support of any and all such motions, no more than fifty (50) pages of combined answering briefs in opposition to the motions, and no more than twenty (20) pages of combined reply briefs in support of their motions.* [This reference to 20 pages appears to be a typographical error as confirmed by the succeeding paragraph.]

The Honorable Leonard P. Stark
August 11, 2016
Page 2

> The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50+ 50+ 25 regarding one side's motions, and 50+ 50+ 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

The Scheduling Order entered in the case, reflecting the language of the Court's form Scheduling Order adopted by the Court at the time of the Patent Procedures, provides, following the language relied on by Kraft, that:

> In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.

At the end of that provision, there is a footnote with the same language as in the Patent Procedures directing the parties to work together.

In this instance, Kraft filed a motion denominated as seeking partial summary judgment (D.I. 317) and two further motions (D.I. 316, 320) denominated as Daubert motions. The Daubert issues raised by Kraft related directly to dispositive issues. Kraft took advantage of the 50-50-25 briefing limits for the dispositive arguments in its three motions.

Heartland filed one motion (D.I. 321) denominated as a motion for summary judgment of invalidity which included a Daubert-type challenge to certain opinions of Kraft's expert, Dr. Rudolph. In particular, Heartland's 33-page opening brief argued that Dr. Rudolph "admitted on cross-examination that he had no knowledge whatsoever of the chemical composition, degradation mechanisms, or shelf stability profiles of any non-citrus flavoring compositions that were commercially available in the United States as of September 10, 2008" (D.I. 322 at 22) and that he consequently was "in no position to say that the beverage concentrates described in the asserted '557 Patent claims achieved flavor stability that was in any way 'new' or 'unexpected' as of September 10, 2008." *Id*. at 24. Kraft's responsive brief argued against this point (D.I. 355 at 17-18); and Heartland's reply brief (D.I. 371 at 14-15) argued that Dr. Rudolph's inadmissible "expert" testimony did not make out any genuine issue of material fact that a person having ordinary skill in the art as of September 10, 2008, would have harbored the false and uninformed beliefs that Dr. Rudolph put forward. Even so, Kraft takes the position that Heartland's dispositive issues are entitled only to 40-40-20 briefing.

As we understand the Court's requirements instituted with its Patent Procedures and form Scheduling Order, Heartland was fully permitted to use 25 pages for its reply brief. Moreover, Kraft's position would elevate form over substance and encourage parties always to file a

The Honorable Leonard P. Stark
August 11, 2016
Page 3

separately denominated Daubert motion to ensure the benefit of extra briefing. Whatever the Court intends, however, Heartland will of course comply.

                                 Respectfully,

                                 */s/ Mary B. Graham*

                                 Mary B. Graham (#2256)

MBG/dam
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via electronic mail)

10308352