IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRAFT FOODS GROUP BRANDS LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>TC HEARTLAND, LLC d/b/a HEARTLAND FOOD PRODUCTS GROUP and HEARTLAND PACKAGING CORPORATION,<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:     C.A. No. 14-28-LPS<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM ORDER

I am asked to stay this case, which is in an unusual procedural posture. On September 24, 2015, I adopted a Report and Recommendation (D.I. 59) ("R&R") authored by Magistrate Judge Burke and denied Defendants TC Heartland, LLC and Heartland Packaging Corporation's ("Heartland" or "Defendants") motion to transfer this case to the United States District Court for the Southern District of Indiana. (D.I. 80) In doing so, I overruled Heartland's objections to the R&R (D.I. 70), which were predicated (in part) on the contention that the U.S. Court of Appeals for the Federal Circuit misconstrued the patent venue statute, 28 U.S.C. § 1400(b), in its 1990 decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990).[1]

---

[1] Heartland also argued that this Court lacks personal jurisdiction, because only approximately 2% of its sales are in Delaware, but this suit also aims to reach Heartland's sales to non-Delaware customers. (*See* D.I. 70 at 1-5) In overruling Heartland's objections to the R&R, I found that this argument was inconsistent with the Federal Circuit's precedential opinion in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994), which held that personal jurisdiction exists in patent cases where, as here, the "defendants purposefully shipped the accused [product] into [the forum state] through an established distribution channel."

1

Heartland subsequently filed a petition for a writ of mandamus, which the Federal Circuit denied on April 29, 2016. *See In re: TC Heartland LLC*, 821 F.3d at 1338. Thereafter, Heartland filed a petition for a writ of certiorari, which the United States Supreme Court granted on December 14, 2016. *See* __ U.S. __, 2016 WL 4944616 (2016).

In the meantime, this patent litigation between two competitors in the liquid water enhancer market has proceeded in front of me. Litigation events that have occurred since Heartland filed its mandamus petition on October 23, 2015 (D.I. 101) include: the Court conducting two claim construction hearings and resolving the parties' claim construction disputes (*see* D.I. 198); the parties briefing and arguing multiple summary judgment and *Daubert* motions (*see* D.I. 316, 317, 320, 321); and the Court holding numerous conferences with the parties to address a host of discovery and scheduling issues (*see, e.g.*, D.I. 350, 365, 417, 428). Relatedly, in November 2016, responding to the parties' concerns about the case not being ready for trial in January 2017 – a trial date which had been set back in February 2015 (*see* D.I. 38) – the Court moved the two-week jury trial, which is now scheduled to begin on May 1, 2017. (D.I. 430)

Neither after filing its mandamus petition in the Federal Circuit nor its petition for a writ of certiorari in the Supreme Court did Heartland ask this Court to stay any portion of this

---

(*See also* D.I. 80 at 2) While the personal jurisdiction issue was argued as part of Heartland's mandamus action in the Federal Circuit, *see In re: TC Heartland LLC*, 821 F.3d 1338, 1343-45 (Fed. Cir. 2016), it was not an issue on which Heartland sought or received further review (at this point) in the Supreme Court. *See* Petition for Writ of Certiorari at i (stating single question presented: "Whether 28 U.S.C. § 1400(b) is the sole and exclusive provision governing venue in patent infringement actions and is not to be supplemented by 28 U.S.C. § 1391(c).").

2

litigation or even indicate that it would seek a stay in the event cert. were granted.[2] To the contrary, during a November 23, 2016 status teleconference Heartland did not challenge the assertion of Plaintiff Kraft Foods Group Brands LLC ("Kraft" or "Plaintiff") that "at no time has Kraft or even Heartland suggested that [the pending cert. petition] should merit any kind of stay or delay in the case." (D.I. 428 at 7-8)[3] In that same teleconference, I advised the parties: "I have not only this discovery dispute in front me but a number of motions, and we have been working on those and we plan to continue working on those." (*Id.* at 11) Heartland raised no concern about this case continuing to move forward.

On December 16, the Court expressly asked the parties to advise it of their positions as to "how this case should proceed, including whether the matter should be stayed pending resolution of the Supreme Court proceedings." (D.I. 431) It was only at this point that Heartland requested a (partial) stay.

In particular, on December 20, the parties responded to the Court's order by indicating that they could not reach agreement on what should happen next. (D.I. 432) Heartland now asks that I stay all case-dispositive matters, but not stay non-dispositive matters, which include a pending discovery dispute. (*See id.* at 2-3) Specifically,

> Heartland submits that the Court should cancel the currently scheduled pretrial conference and trial dates and should postpone making *dispositive* pre-trial rulings, including on the parties'

---

[2]Indeed, when Kraft sought a stay pending resolution of an *inter partes* review by the Patent and Trademark Office (*see* D.I. 114), Heartland opposed Kraft's motion. (*See* D.I. 134) After briefing and oral argument, the Court denied Kraft's motion to stay. (*See* D.I. 149)

[3]Kraft's statement came in response to the Court's question: "From your perspective, what, if any, impact does the pending cert. petition have on these issues?" (D.I. 428 at 7) (internal grammar modified)

3

> pending motions [for] summary judgment, until the venue issue is
> resolved. . . . Heartland believes that it is appropriate and sensible
> for *non-dispositive* pre-trial proceedings (other than the final
> pretrial conference and related preparations of the pretrial order) to
> continue before this Court pending the outcome of the Supreme
> Court proceedings.

*Id.* (emphasis in original) Kraft prefers that I not stay any portion of the case. (*See id.* at 1-2) Kraft is agreeable, however, to moving the trial to a date shortly after the end of June, in order to ensure that we have the Supreme Court's decision before we go to trial. (*See id.*)

I have decided not to enter a stay. This is a discretionary issue, *see, e.g., Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985), and I believe the proper exercise of my discretion is to allow this case to continue to proceed toward trial.

By separate orders that will also be entered today, I have decided all pending motions, including motions for summary judgment (which I have denied in almost all respects), motions to exclude expert evidence (one denied and one granted), and a motion to amend Heartland's inequitable conduct allegations (which I have granted). The parties and the Court did a great deal of work briefing, arguing, and deciding these motions, and the Court could have issued its decisions at any time after the August 30, 2016 hearing, well before Heartland (after the Court's express inquiry) finally asked for a (partial) stay on December 20. Even if the result of the Supreme Court's decision is a determination that this case must be transferred to another District, the case will still need to be tried.[4] I have presided over the case since its inception. The

---

[4]Heartland asserts that if the Supreme Court reverses the Federal Circuit, "the result will be that this action will be subject to dismissal or transfer." (D.I. 432 at 2) It is unclear on what basis Heartland is anticipating that dismissal may be the outcome. *See generally* 28 U.S.C. § 1406(a) (providing that when a case is filed in the "wrong division or district" the court "shall

4

directive of Federal Rule of Civil Procedure 1, that I "administer[]" this case (like all others) with a goal of "secur[ing] [its] just, speedy, and inexpensive determination," is far better served by me deciding the ripe motions rather than leaving numerous loose threads for (potentially) a judge in another District to have to untangle.

Additional reasons support my denial of Heartland's requested stay. First, these parties are competitors. (*See, e.g.*, D.I. 428 at 6) (Kraft arguing: "The parties are, as you know, competing fiercely in the marketplace and any kind of substantial delay in our view would be prejudicial to Kraft.") Kraft has a right to seek to enforce its patents against a competing entity it believes it can prove is misappropriating its intellectual property. Second, this case is already three years old; Kraft filed its complaint on January 14, 2014. It needs to go to trial soon. Denying the stay will enable the parties to complete the remaining discovery being permitted by my other orders and have this case ready for trial later this year, regardless of the District in which the trial will be held.[5]

Finally, I am also moving the trial date. Retaining the May trial date would raise the possibility of having a Delaware trial, and obtaining a verdict, before the Supreme Court decides the patent venue issue, an outcome both sides seem to agree would be problematic. That is certainly my view. But, by moving the trial from May to October, we can look forward to receiving the Supreme Court's decision (which the parties anticipate having before the end of

---

dismiss, or ***if it be in the interest of justice, transfer*** such case to any district . . . in which it could have been brought") (emphasis added).

[5]Kraft contends that "[s]ignificant discovery issues remain pending" (D.I. 432 at 2), but the Court has today resolved all discovery disputes that were before it. Should others arise, the parties may use my Discovery Matters procedures to resolve them, as they have in the past.

June) and then providing the parties a minimum of three additional months in which to prepare the pretrial order and finalize preparations for trial (if the case remains in this District).[6]

Accordingly, IT IS HEREBY ORDERED that Heartland's request for a stay (*see* D.I. 432 at 3) is DENIED.

IT IS FURTHER ORDERED that the governing scheduling order is AMENDED as follows:

1. Final pretrial order is due on September 25, 2017.

2. Final pretrial conference to be held on October 6, 2017 at 9:00 a.m.

3. A jury trial of up to ten (10) days to begin on October 16, 2017.

January 12, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[6]This is the schedule if the trial is to be in front of me. Of course, if the case is to be transferred, the transferee judge will be free to schedule trial for whenever he or she wishes.

6