## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRAFT FOODS GROUP BRANDS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 14-28-LPS |
| TC HEARTLAND, LLC d/b/a HEARTLAND FOOD PRODUCTS GROUP and HEARTLAND PACKAGING CORPORATION, | : |
| Defendant. | : |

### MEMORANDUM ORDER

At Wilmington this **12th** day of **January, 2017,**

IT IS HEREBY ORDERED that:

1. The parties filed a Joint Letter Regarding Discovery Conference Issues. (D.I. 400; *see also* D.I. 428 at 5, 8) It identifies four disputes. The Court's rulings with respect to these disputes follow.

    A. Heartland's request that Kraft be ordered to further supplement its answer to Interrogatory No. 12 (*see* D.I. 400 at 1-3) is **GRANTED** as detailed below. No later than **January 27, 2017,** Kraft shall supplement its response to Interrogatory No. 12 to clarify: (i) whether, prior to March 26, 2013, the individuals specifically listed in Interrogatory No. 12, as well as Ken Davis and Debbie Wright, knew of PCT Ackilli; had PCT Ackilli in their possession; or looked at, read, or discussed PCT Ackilli's contents; and (ii) why any of the foregoing individuals, including Ken Davis and Debbie Wright, did not report PCT Ackilli to the

1

Patent and Trademark Office.

In addition, no later than **February 10, 2017**, Kraft shall produce all documents reflecting awareness of PCT Ackilli (whether or not such documents explicitly refer to PCT Ackilli). In order to comply with this Order, it will be necessary for Kraft (to the extent it has not already done so) to investigate whether any documents that do not expressly reference PCT Ackilli but may reflect knowledge of PCT Ackilli (because, for example, the contents of such documents include matters addressed in PCT Ackilli, such as buffered concentrates), do or do not reflect knowledge of PCT Ackilli. If they do reflect such knowledge, then such documents shall be produced. If such documents do not reflect such knowledge, then such documents need not be produced (unless they need be produced due to some reason other than the effect of this Order), but in that event Kraft shall provide a log of such documents, sufficient to enable Heartland and the Court to make a meaningful assessment of Kraft's assertions that such documents remain privileged.

The foregoing rulings are consistent with the Court's rulings regarding waiver of attorney-client privilege. (*See* D.I. 351, 352, 402) Kraft's contention that privilege was not waived with respect to "general discussions of the technology of PCT Ackilli, which may also be found in the patented inventions (e.g., buffer, acid, mixing, etc.), but that do not specifically reference PCT Ackilli or its examples" (D.I. 400 at 2) is incorrect. It is not necessary for a document to mention PCT Ackilli in order to reflect an awareness of PCT Ackilli. While "[d]ocuments and information that relate *exclusively* to the technology of Ackilli or the Water Sensations product and *not* also to Defendants' knowledge of and/or decision not to disclose Ackilli are not within the scope of the waiver" (D.I. 351 at 8) (emphasis added), it is possible that a document that does

2

not "specifically reference" Ackilli may still also relate to "Defendants' knowledge of and/or decision not to disclose Ackilli." Nor is the Court persuaded that Heartland has waived its right to request information relating to Mr. Davis or Ms. Wright.

        B.       Heartland's request that the Court order that Kraft's supplemental response to Interrogatory No. 12 be verified is **DENIED WITHOUT PREJUDICE** to renew after receiving and reviewing the supplemental response and after completion of the Rule 30(b)(6) deposition of Kraft.

        C.       The Court concludes that Fitch Even has waived attorney work-product protection over the documents listed on its log, as any such assertion of work-product protection is untimely. After Kraft supplements its response to Interrogatory No. 12 and produces the documents (and/or log) required by this Order, but no later than **February 17, 2017**, the parties shall advise the Court whether there remains a dispute with respect to production of any Fitch Even document and, if so, how they propose such dispute(s) be resolved.

        D.       At this time the Court is not appointing a Special Discovery Master although the Court may do so if the parties continue to have discovery disputes.

        2.       Heartland's motion for leave to file a second amended answer (D.I. 405), to articulate a total of eight theories of inequitable conduct, is **GRANTED**. Leave to amend is to freely granted when justice so requires. *See* Fed. R. Civ. Proc. 15(a). Good cause has been shown. *See* Fed. R. Civ. Proc. 16. The second amended answer provides Kraft with clear notice of the full extent of Heartland's inequitable conduct contentions that Heartland will seek to prove at trial. It aims to conform the pleadings to the facts Heartland believes it discovered during discovery. Further grounds for the relief sought include that, as noted above, the Court is

3

ordering additional discovery, which Heartland may use as evidence to support its inequitable conduct contentions, but may arguably not be pertinent to the inequitable conduct theory in the currently-operative answer, and that the Court is today continuing trial to October, leaving plenty of time for all parties to fully and fairly prepare, notwithstanding the arguable expansion of Heartland's case as a result of the Court granting Heartland's motion for leave to amend.

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT