## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KRAFT FOODS GROUP BRANDS
LLC,

        Plaintiff,

        v.                   :    C.A. No. 14-28-LPS

TC HEARTLAND, LLC d/b/a
HEARTLAND FOOD PRODUCTS
GROUP and HEARTLAND
PACKAGING CORPORATION,

        Defendant.

---

### MEMORANDUM ORDER

1.      On July 6, 2016, plaintiff Kraft Foods Group Brands LLC ("Kraft") filed a motion seeking summary judgment of infringement of claims 1 and 15 of U.S. Patent No. 8,603,557 (the "'557 patent") as well as claim 1 of U.S. Patent No. 8,511,472 (the "'472 patent").[1] (D.I. 317) Kraft also seeks summary judgment of no inequitable conduct associated with prosecution of the '557 patent. (*See id.*) The Court heard argument on this and other motions on August 30, 2016. (*See* D.I. 416 ("Tr."))

2.      Summary judgment is appropriate if "there is no genuine dispute as to any

---

[1] Defendants TC Heartland, LLC and Heartland Packaging Corporation ("Heartland" or "Defendants") did not file a *Daubert* motion or cross-motion for summary judgment of non-infringement, but instead submitted a "request" in their answering brief seeking summary judgment of non-infringement. (*See* D.I. 360 at 23-27) This request was based on Heartland's characterization of Kraft's evidence as consisting of attorney argument and "wholly conclusory and insufficiently detailed expert testimony." (*Id.* at 23) Heartland's request for summary judgment in an answering brief is untimely under the scheduling order (*see* D.I. 38, as amended by D.I. 201) and would also be denied even if considered on its merits.

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
The moving party bears the burden of demonstrating the absence of a genuine issue of material
fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

    3.       According to Kraft, undisputed facts show that certain lots of Heartland products
literally infringe the patents-in-suit. An accused product infringes a patent claim when it meets
every limitation of the asserted claims. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17, 40 (1997). In analyzing literal infringement, the Court must first interpret the
claims of the patent, and then compare the allegedly infringing product to the claims as
construed.[2] *See Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir.
2009). Kraft contends that the accused products satisfy each limitation of the patents-in-suit.

    4.       The '557 patent relates to a flavored liquid beverage concentrate comprising
certain ingredients and packaged in a particular manner. In support of its motion, Kraft
submitted a summary of Heartland operational documents showing the pH and both the relative

---

[2]In its answering brief, Heartland disputes whether this is the proper approach to
analyzing infringement, arguing that 35 U.S.C. § 271(a) "does not use the word 'claim,' and the
patent claim words cannot expand a patentee's rights beyond equivalents of corresponding
structure, material, or acts described in the patent's specification." (D.I. 360 at 22) Heartland
asks the Court to consider in its infringement analysis whether Kraft's claimed inventions
"advanced the art substantially or worked only a slight step forward" and to "determine whether
the accused Heartland products owe any intellectual debt to" the patent disclosures. (*Id.* at 23
(internal quotation marks omitted)) It appears that Heartland is urging the Court to dispense with
the "bedrock principle of patent law that the claims of a patent define the invention to which the
patentee is entitled to the right to exclude," *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed.
Cir. 2005) (internal quotation marks omitted), and to disregard the equally axiomatic rule that a
Court must assign claim terms their plain and ordinary meaning to a skilled artisan and avoid
"importing limitations from the specification into the claim[s]," *id.* at 1323. The Court is not
persuaded that Heartland's proposed analysis is appropriate, for largely the same reasons the
Court gave in rejecting Heartland's similar arguments at claim construction. (*See* D.I. 198 at 23-
26)

and absolute amounts of the ingredients in Heartland's accused products. (D.I. 327-10 at 2-16 of

28; *see also* D.I. 318 at 12-16) Among other materials, Kraft also submitted expert reports of Dr.

Marvin J. Rudolph (*see* D.I. 324) and Dr. S. Paul Singh (*see* D.I. 330).

5.    Claim 1 of the '557 patent claims:

A packaged flavored liquid beverage concentrate comprising:

a container body having a closed bottom end, a top
end with a neck defining an outlet opening and a
sidewall extending between the top and bottom ends
to define an interior of the container body accessible
through the outlet of the top end, the sidewall being
flexible and resilient, the sidewall including
opposing front and rear walls and a pair of opposing
end walls extending there between, the opposing
front and rear walls having a maximum width that is
greater than a maximum width of the end walls;

a flavored liquid beverage concentrate in the interior
of the container body comprising:

about 30 to about 65 percent water by weight;

about 15 to about 30 percent acid by weight;

up to about 10 percent buffer by weight, the buffer
selected from the group consisting of a potassium
salt of an acid, a sodium salt of an acid, and
combination thereof; and

about 1 to about 30 percent flavoring by weight,

the concentrate having a pH of about 1.9 to about
2.4 and a viscosity of about 1 to about 75 cP when
measured at 20° C., and the concentrate having a
concentration such that, when diluted at a ratio of
about 1:75 to about 1:160 to provide a beverage, the
concentrate delivers about 0.01 to about 0.8 percent
acid by weight of the beverage made by the flavored
beverage concentrate;

3

> a lid attached to the neck of the container body and
> defining an exit path aligned with the outlet opening
> of the container body and through which the
> flavored liquid beverage concentrate can be
> dispensed; and
>
> a valve supported by the lid and disposed in the exit
> path, the valve movable from a closed position,
> whereby flow of flavored liquid beverage
> concentrate through the exit path is substantially
> blocked when the sidewall of the container body is
> unsqueezed, to an open position, whereby the
> flavored liquid beverage concentrate from the
> interior of the container body can be dispensed in a
> jet when the front and rear walls of the sidewall of
> the container body are squeezed.

Claim 15 is similar to claim 1, but includes different packaging limitations relating to the cap and

valve, and includes the same pH ceiling of 2.4 but no floor. These differences are immaterial to

the Court's ruling on Kraft's summary judgment motion, so the discussion below applies equally

to both claims.

6.     Heartland does not appear to contest that the accused products are "packaged

flavored liquid beverage concentrates," contain "about 15 to about 30 percent acid by weight,"

have "a viscosity of about 1 to about 75 cP" when measured under the required conditions, and

"have a concentration such that, when diluted at a ratio of about 1:75 to about 1:160 to provide a

beverage, the concentrate delivers about 0.01 to about 0.8 percent acid by weight of the beverage

made by the flavored beverage concentrate." ('557 patent; *see generally* D.I. 360 at 35-40)

7.     Heartland does contest whether its accused products meet the pH limitations of

the asserted claims, and with respect to at least these limitations the Court finds a genuine dispute

of material fact, rendering summary judgment of infringement unwarranted. Kraft argues that at

4

least the lots identified by Dr. Rudolph fall within the claimed pH ranges, according to Heartland's own testing data. (D.I. 318 at 20-21; *see also* D.I. 327-10 at 2-16 of 28; D.I. 324-1 at 48-59 of 82) Heartland responds that the pH measurements upon which Kraft relies are unreliable and possibly inaccurate. (*See* D.I. 360 at 35-38) Heartland further contends that "pH is a physical property . . . subject to variability in its measurements," and that highly concentrated solutions "pose particularly difficult problems for pH measurement" due to ionic strength effects. (*Id.* at 35-36) Kraft responds that, when possible, it used the pH readings taken "at the point of manufacture" and that, in order for Heartland to prevail, a jury would "have to find unreliable the pH measurements that Heartland considers reliable for food safety purposes." (D.I. 367 at 15)

A reasonable factfinder, taking the evidence in the light most favorable to one or the other of the parties, could find for one or the other of the parties. Accordingly, there is a genuine dispute of material fact as to whether the accused products meet the pH limitations of claims 1 and 15. Thus, Kraft's motion for summary judgment of infringement of the '557 patent is **DENIED**.

8.       Given the determination above, it is not necessary for the Court to further determine at this time whether there are genuine disputes of material fact with respect to other claim elements; the Court is unable to grant summary judgment of infringement if, as here, a reasonable finder of fact could find for the accused infringer on one or more limitations of the asserted claims. *See generally Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012) (finding of literal infringement is only proper if accused products are shown to meet "each and every limitation of the asserted claims"). The Court makes the following observations with respect to certain of the remaining limitations:

5

A.      The parties disagree about whether Heartland's accused products meet the

requirement that the claimed beverage concentrates contain "about 1 to about 30 percent

flavoring by weight." Kraft's expert identified the flavored beverage concentrate components

that Kraft contends constitute "flavoring" in Heartland's accused products. (*See* D.I. 324-1 at 67

of 82, citing *id*. at 48-59 of 82) Heartland and its expert respond that the patent defines the term

"flavoring" in "entirely functional" terms and that, as such, Kraft has failed to show that the

identified compounds constitute "flavoring" because Kraft has presented "no evidence that

Heartland has used 'flavoring' whose ***ingredients*** are identical or equivalent to any 'flavoring'

disclosed and claimed in the '299 or '557 patents." (D.I. 360 at 28 (emphasis in original); *see*

*also id.* at 27-29) Because the Court did not construe "flavoring," it is (at least at this point)

given its plain and ordinary meaning to a person of skill in the art. Since the claim term does not

use the word "means," there is a presumption that a person of ordinary skill in the art would not

understand it to be a means-plus-function term, pursuant to 35 U.S.C. 112 ¶ 6. *See Watts v. XL*

*Sys., Inc.*, 232 F.3d 877, 880 (Fed. Cir. 2000). Heartland has not, on the current record, rebutted

that presumption or shown that "flavoring" is used in a functional manner in the asserted claims.

B.      The parties further disagree about whether Heartland's accused products

meet the packaging limitations (of a container body, lid, and valve, as described in the claims).

Kraft's expert reports opine that a person of ordinary skill in the art at the time of the invention

would understand that Heartland's accused products include bodies, lids, and valves that come

within the scope of the claim limitations. (*See* D.I. 318 at 18-19 and 22-23 (citing accompanying

declarations)) For its contrary view, Heartland relies (at least in part) on the opinion of Dr.

Robert Kimmel (*see* D.I. 360 at 29-33), but that opinion is being stricken (by separate order

entered today).

          C.     The parties further disagree about whether Heartland's accused products meet the requirement that the flavored liquid beverage concentrates contain "about 30 to 65 percent water by weight." Heartland argues that Kraft's expert analysis is flawed because it does not account for water contained in the "coloring and flavor mixtures" obtained from third parties, but instead considers only the water added during manufacturing. (D.I. 360 at 38-39) There appears to be no dispute regarding whether the amount of water added to Heartland's products during manufacturing meets the weight percentage requirements of claim 1.

          9.     The '472 patent relates to containers and shrink packaging. The parties dispute whether Heartland's accused products meet the "converging sidewalls" and "span" requirements of claim 1. There is a genuine dispute of material fact at least as to whether the accused containers fall within the claim's "converging sidewalls" limitation. Although Heartland again relies on Dr. Kimmel's now-stricken testimony on this issue (*see* D.I. 360 at 33-34), it is apparent from the materials submitted that a reasonable jury could find for either party. (*See generally* D.I. 330-2 at 10 of 197) Therefore, Kraft's motion for summary judgment of infringement of claim 1 of the '472 patent is **DENIED**.

          10.     Finally, Kraft moves for summary judgment of no inequitable conduct in relation to its prosecution of the '557 patent. Heartland sets out eight different theories as to how Kraft allegedly acted improperly. (*See* D.I. 360 at 17-19) In Kraft's view, Heartland impermissibly expands the scope of its inequitable conduct defense beyond its pleading. (*See* D.I. 367 at 2-5) Heartland has sought leave to file a second amended answer (*see* D.I. 405), which the Court has today granted by separate Order, resolving this basis for Kraft's motion. The Court has also

today ordered Kraft to provide additional discovery, which Heartland contends may be pertinent

to the inequitable conduct claims it intends to press at trial. (*See, e.g.*, D.I. 395, D.I. 400)

Accordingly, summary judgment is not appropriate at this time.  Kraft's motion with respect to

inequitable conduct is **DENIED WITHOUT PREJUDICE**.[3]


Wilmington, Delaware
January 12, 2017

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[3]In a November 8, 2016 letter to the Court, Kraft argues that the decision of the Patent
Trial & Appeal Board (PTAB) in a parallel *inter partes* review (IPR2015-01128) "should put to
rest any remaining inequitable conduct defenses asserted by Heartland." (D.I. 420 at 2 of 3)  For
reasons including those articulated in response to this letter by Heartland (*see* D.I. 421 at 2-3 of
4), the Court is not persuaded at this time that the PTAB's action is a meritorious basis for
granting summary judgment to Kraft.