IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| KRAFT FOODS GROUP BRANDS LLC, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :    C.A. No. 14-28-LPS |
| | :<br>: |
| TC HEARTLAND, LLC d/b/a HEARTLAND FOOD PRODUCTS GROUP and HEARTLAND PACKAGING CORPORATION, | :<br>:<br>:<br>:<br>: |
| Defendant. | : |

---

### MEMORANDUM ORDER

1.      On July 6, 2016, TC Heartland, LLC and Heartland Packaging Corporation ("Heartland" or "Defendants") moved for summary judgment of invalidity of U.S. Patent Nos. 8,511,472 (the "'472 patent") and 8,603,557 (the "'557 patent"). (D.I. 321) The parties have fully briefed the motion (*see* D.I. 322, 355, 387; *see also* D.I. 419, 420, 421) and the Court heard argument on this and other motions on August 30, 2016. (*See* D.I. 416 ("Tr."))

2.      Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

3.      According to Heartland, undisputed facts show that the '557 patent is invalid

because (i) it claims obvious subject matter (under 35 U.S.C. § 103[1]), (ii) its claims are inadequately described and enabled with respect to their "flavoring" element (under 35 U.S.C. § 112), and (iii) it violates the statutory prohibition on double-patenting.

  4. <u>*Section 103: Obviousness*</u>.[2] "A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art . . . ." 35 U.S.C. § 103(a). In assessing an invention's obviousness, the Court must consider: "(1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, (3) the level of ordinary skill in the pertinent art, and (4) the presence of secondary considerations of nonobviousness such as commercial success, long felt but unsolved needs, failure of others, and unexpected results." *In re Nuvasive, Inc.*, 842 F.3d 1376, 1381 (Fed. Cir. 2016) (internal quotation marks omitted).

Heartland relies on *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), and *In re Peterson*, 315 F.3d 1325 (Fed. Cir. 2003). In Heartland's view, overlap between the prior art and the '557 patent claims establishes "a *prima facie* case of obviousness" under *Peterson*. (D.I. 322 at 18 (internal quotation marks omitted)) Kraft contests the applicability and effect of Heartland's cases and emphasizes that the prior art relied upon by Heartland does not disclose

---

  [1]All citations to Title 35 of the United States code are to pre-AIA versions of the relevant sections.

  [2]In a November 8, 2016 letter to the Court, Kraft argues that the Patent Trial & Appeal Board's (PTAB) decision in a parallel *inter partes* review (IPR2015-01131) collaterally estops Heartland from pursuing its obviousness defense here. (*See* D.I. 420 at 3 of 3) The Court need not address the impact of the PTAB's decision at this time, as it would not alter the conclusion to deny summary judgment.

2

any express or inherent pH limitation. (*See* D.I. 355 at 5)

The Court concludes that genuine issues of material fact preclude summary judgment of invalidity under § 103. The record reveals disputes regarding at least (i) whether Heartland's prior art references disclose claimed concentrates and containers; (ii) whether a person of skill in the art at the time of the invention of the '557 patent would have had a sufficient reason to select the claimed combinations from the prior art references; (iii) whether such a person would have had a reasonable expectation of success; and (iv) objective indicia of nonobviousness, including evidence of copying, the commercial success of Kraft's products, and whether "[t]he inventors' finding that artificial flavorings were capable of resisting degradation for several weeks . . . at a very low pH" was surprising and unexpected (D.I. 355 at 25). A reasonable factfinder, taking all the evidence in the light most favorable to one or the other of the parties, could find for either of the parties on each of these issues.

5. *Section 112: Written Description and Enablement.*[3] A patent's specification must contain "a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art . . . to make and use" the invention. 35 U.S.C. § 112 ¶ 1. Heartland asserts its entitlement to summary judgment of invalidity under § 112 on two grounds: (i) the '557 patent's failure to enable a skilled artisan to make the invention's "flavoring" element; and (ii) an assertion that the

---

[3]Kraft claims that Heartland failed to disclose any non-enablement argument in its invalidity contentions and expert reports and urges the Court to reject Heartland's attempt even to raise the defense. (*See* D.I. 355 at 28) The Court does not agree that Heartland waived the opportunity to make its argument. (*See generally* D.I. 371 at 16-17) However, if Kraft believes it needs additional, limited discovery in order to fully defend against the non-enablement defense at trial, it should propose a schedule to do so.

3

"flavoring" element is a "functional term that encompasses literally any and every composition that has the effect of imparting flavor." (D.I. 322 at 24-25) Kraft counters that the specification need not instruct a skilled artisan "how to make each component of the invention," that "the term 'flavoring' has meaning to one skilled in the art," and that the skilled artisan would know that "flavoring is purchased from flavor houses." (D.I. 355 at 29)

The record reveals a genuine dispute of material fact at least regarding whether the '557 patent's disclosure is sufficiently enabling given the knowledge and understanding of a person of ordinary skill in the art. In addition, Heartland has not shown that the "flavoring" term should be construed as broadly as its argument requires or that it is a functional or means-plus-function term. For at least these reasons, summary judgment under § 112 is inappropriate.

6. *Double Patenting*. Heartland seeks summary judgment that the claims of the '557 patent are invalid due to double patenting. Heartland argues that the April 2010 provisional applications, whose contents were fully incorporated in another Kraft patent,[4] are invalidating prior art under § 102(e). (*See* D.I. 322 at 25-26) In response, Kraft accuses Heartland of impermissibly "cloak[ing]" an undisclosed anticipation defense under the guise of double patenting. (Tr. at 49)

The Court agrees with Kraft that Heartland has not clearly articulated either the type of double-patenting it alleges or how the law applies to the facts of this case. (*See* Tr. at 26-27 ("[I]t could be characterized as an anticipation defense . . . . This is a statutory double patenting argument. . . . It's not obvious-type double patenting. This is a different species of double

---

[4]*See* U.S. Patent No. 8,293,299, of which the '557 patent is a continuation – despite lacking of any of the same named inventors.

4

patenting.")) The statutory restriction on double patenting "only prohibits a second patent on subject matter *identical to* an earlier patent." *Geneva Pharm., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1377 (Fed. Cir. 2003) (emphasis added). Heartland has not shown it is entitled to summary judgment on this basis. To the extent that Heartland asserts a species-genus anticipation defense, the record, taken in the light most favorable to Kraft, would support a reasonable finding that there is not clear and convincing evidence of invalidity; therefore, summary judgment for Heartland is not warranted. *See Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967, 975 (Fed. Cir. 2010). Nor is the Court persuaded that the filing of a terminal disclaimer is irrelevant under the circumstances. *See generally Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1372 (Fed. Cir. 2005) ("The double patenting doctrine generally prevents a patentee from receiving two patents for the same invention . . . [and] polices the proper application of the patent term for each invention."). On this record, summary judgment is inappropriate.

7. Heartland's motion for summary judgment as to the '557 patent is **DENIED**.

8. Heartland also seeks summary judgment with respect to the '472 patent. Heartland contends that the '472 patent's claims are invalid as obvious combinations of prior art. (*See* D.I. 322 at 26-29) Kraft responds that (i) Heartland's prior art references do not combine to disclose containers that dispense fluid in the required "jet" (*see* D.I. 355 at 19-21, 37); (ii) Heartland has failed to show motivation to combine (*see* D.I. 355 at 38-40); and (iii) Heartland ignores "clear evidence of [its own] copying," which is a "persuasive secondary consideration of nonobviousness" (D.I. 355 at 40). There are genuine disputes of material fact as to both the scope and content of the prior art and whether a person of skill in the art would have

5

had reason to combine Heartland's asserted prior art references to create the claimed invention. For at least these reasons, the Court concludes that a reasonable jury could find in favor of either party on the issue of the '472 patent's validity, so Heartland's motion for summary judgment as to the '472 patent is **DENIED**.

9. Finally, Heartland seeks summary judgment with respect to pre-suit damages. Heartland contends that Kraft did not mark its products or otherwise notify Heartland of any alleged infringement prior to filing this action. (*See* D.I. 322 at 30-32) Kraft does not contest this part of Heartland's motion. (*See* Tr. at 55) Accordingly, Heartland's motion for summary judgment with respect to pre-suit damages is **GRANTED**. *See* 35 U.S.C. § 287.

In sum, Heartland's motion for summary judgment of invalidity (D.I. 321) is **DENIED** in all respects except that it is **GRANTED** with respect to pre-suit damages.

Wilmington, Delaware  
January 12, 2017

HON. LEONARD P. STARK  
UNITED STATES DISTRICT COURT